IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARTER, individually by and through his GUARDIAN AD LITEM, MILDRED CARTER, and on behalf of the General Public of the State of California, MILDRED CARTER, individually and on behalf of the General Public of the State of California,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CENTRAL PACIFIC MORTGAGE COMPANY, INC., a corporation; BANK OF AMERICA, INC., a corporation; TRAVIS CHATMAN, an individual; TISHA TAYLOR, an individual; TM REALTY, INC., a corporation and DOES 1 to 50,<br><br>　　　　Defendants.<br>_____ | 2:10-cv-01246-GEB-EFB<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING)CONFERENCE; FED. R. CIV. P. 4(m) NOTICE</u> |

　　　　The May 21, 2010, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for September 20, 2010, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.  Only Defendant "Bank of America, N.A., which argues it is sued erroneously herein as Bank of America Inc., ("BofA")" submitted a status report. (ECF No. 11.)

Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 18, 2010, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiffs or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on November 1, 2010, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen days prior to the status conference.

Further, Plaintiffs are notified under Rule 4(m) of the Federal Rules of Civil Procedure that **any defendant not served with process within the 120 day period prescribed in that Rule may be dismissed as a defendant in this action** unless Plaintiffs provide proof of service or "show good cause for the failure" to serve within this prescribed period in a filing due no later than 4:00 p.m. on October 18, 2010.

IT IS SO ORDERED.

Dated: September 13, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).