IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CARTER, individually by
and through his GUARDIAN AD
LITEM, MILDRED CARTER, and on
behalf of the General Public of
the State of California, MILDRED
CARTER, individually and on
behalf of the General Public of
the State of California,

        Plaintiffs,

    v.

CENTRAL PACIFIC MORTGAGE
COMPANY, INC., a corporation;
BANK OF AMERICA, INC., a
corporation; TRAVIS CHATMAN, an
individual; TISHA TAYLOR, an
individual; TM REALTY, INC., a
corporation and DOES 1 to 50,

        Defendants.

2:10-cv-01246-GEB-EFB

<u>ORDER TO SHOW CAUSE AND
CONTINUING HEARING ON
DEFENDANT BANK OF AMERICA'S
MOTION TO DISMISS</u>

        On August 13, 2010, Defendant Bank of America, N.A. ("Bank of America"), which states it was sued erroneously as Bank of America Inc., filed a motion to dismiss Plaintiffs' Complaint. The motion was noticed for hearing on September 27, 2010 but was submitted on September 23, 2010 since Plaintiff failed to file an opposition or statement of non-opposition in compliance with Local Rule 230(c). However, since considerable issues are raised in the dismissal motion, the motion is rescheduled for hearing on October 25, 2010, commencing at 9:00 a.m.

1

Plaintiffs shall file an opposition or statement of non-opposition to the motion as required by Local Rule 230(c).

Further, Plaintiffs and their counsel are hereby ordered to show cause ("OSC") in a filed response to this OSC on or before October 8, 2010, in which they explain why sanctions should not be issued under Local Rule 110 because of Plaintiffs' failure to file an opposition or statement of non-opposition to the pending motion to dismiss, which was previously scheduled for hearing on September 27, 2010. Plaintiffs are warned that a sanction could include a monetary sanction and/or dismissal of this case or claims with prejudice. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (stating "[f]ailure to follow a district court's local rules is a proper ground for dismissal.") The written response to this OSC shall also state whether Plaintiffs or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 25, 2010, commencing at 9:00 a.m.

Dated: September 29, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the "faults . . . of the attorney may be imputed to, and their consequences visited upon, [the attorney's] client." In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2