IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CARTER, individually by
and through his GUARDIAN AD
LITEM, MILDRED CARTER, and on
behalf of the General Public of
the State of California, MILDRED
CARTER, individually and on
behalf of the General Public of
the State of California,

        Plaintiffs,

    v.

CENTRAL PACIFIC MORTGAGE
COMPANY, INC., a corporation;
BANK OF AMERICA, INC., a
corporation; TRAVIS CHATMAN, an
individual; TISHA TAYLOR, an
individual; TM REALTY, INC., a
corporation and DOES 1 to 50,

        Defendants.

2:10-cv-01246-GEB-EFB

ORDER IMPOSING SANCTIONS,
CONTINUING STATUS CONFERENCE,
AND REQUIRING EXPLANATION WHY
CASE SHOULD NOT BE DISMISSED

       An Order to Show Cause ("OSC") issued on September 14, 2010, directing Plaintiffs to explain in a writing to be filed no later than 4:00 p.m. on October 18, 2010, why sanctions should not be imposed because of their failure to file a timely status report. (ECF No. 12.) Since Plaintiffs failed to file a status report, the status conference then scheduled on September 20, 2010, was continued to November 1, 2010, and the parties were required to file a joint status report no later than fourteen (14) days prior to the November 1, 2010 status conference. Id. Plaintiffs failed to respond to the September 14, 2010 OSC, and

again failed to timely file a status report. Plaintiffs' counsel indicates by these failures that counsel need not comply with orders issued under the court's case management authority.

Further, Plaintiffs were ordered to show cause on September 29, 2010, in a filing due no later than October 8, 2010, why sanctions should not be imposed under Local Rule 110 because of Plaintiffs' failure to file an opposition or statement of non-opposition to Defendant Bank of America, N.A.'s pending Motion to Dismiss Plaintiffs' Complaint as required by Local Rule 230(c). (ECF No. 15.) The September 29, 2010 OSC warned Plaintiffs that sanctions could include a monetary sanction and/or dismissal of this action with prejudice. Id. at 2. Plaintiffs failed to respond to the September 29, 2010 OSC.

Since Plaintiffs' counsel failed to file a timely status report, and to comply with Local Rule 230(c), and to provide sufficient justification either failure, Plaintiffs' counsel indicates that a significant sanction should be imposed for these failures and to encourage future compliance with court orders and the local rules. Therefore, Plaintiffs' counsel Piotr G. Reysner and/or the Reysner Law Office are sanctioned seven hundred and fifty dollars ($750.00). This sanction shall be paid to the Clerk of this Court no later than 4:00 p.m. on November 1, 2010, by a check made payable to the "United States Treasury." Proof of payment shall be filed within five (5) days of payment. Failure to file proof of payment may be considered a willful failure to comply with this sanction order, and this lawsuit could be dismissed, or another sanction could be imposed. This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's clients.

Also, since it appears that Plaintiffs are not interested in prosecuting this case nor complying with court orders, **Plaintiffs shall explain in a filing due no later than 4:00 p.m. on November 1, 2010, why this case should not be dismissed under Federal Rule of Civil Procedure Rule 41, and shall state in the filing whether a hearing on the Rule 41 dismissal issue is requested. If Plaintiffs fail to provide a sufficient explanation, this action could be dismissed without further communication with Plaintiffs**. If a hearing is requested, it will be held at 9:00 a.m. on November 8, 2010.

Lastly, since Plaintiffs failed to file a status report, the status conference scheduled for November 1, 2010, is continued to March 14, 2011, at 9:00 a.m.  A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: October 26, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

3