IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT CARTER, individually by and through his GUARDIAN AD LITEM, MILDRED CARTER, and on behalf of the General Public of the State of California, MILDRED CARTER, individually and on behalf of the General Public of the State of California, | ) ) ) ) ) ) ) ) ) | 2:10-cv-01246-GEB-EFB  ORDER GRANTING DISMISSAL MOTION AND DISMISSAL UNDER 28 U.S.C. § 1367(c)[*] |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CENTRAL PACIFIC MORTGAGE COMPANY, INC., a corporation; BANK OF AMERICA, INC., a corporation; TRAVIS CHATMAN, an individual; TISHA TAYLOR, an individual; TM REALTY, INC., a corporation and DOES 1 to 50, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Defendant Bank of America, N.A. ("BofA") moves for dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). BofA also argues it was sued erroneously as Bank of America, Inc. Plaintiffs failed to file an opposition to the motion.

## I. Legal Standard

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729,

---

[*]   This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, conclusory statements and legal conclusions are not entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

BofA requests that judicial notice be taken of "a deed of trust securing the $487,500 loan to [Plaintiffs] on [property located at 2556 Palmira Ave., South Lake Tahoe, California], recorded with the El Dorado County Recorder" on March 24, 2006. (Def.'s Req. for Judicial Notice ("Def.'s RJN") Ex. E.) A court "may take judicial notice of

matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). Since this Deed of Trust is a matter of public record, BofA's request for judicial notice of this Deed of Trust is granted.

## II. Background

Plaintiffs purchased a home located at 2556 Palmira Avenue, South Lake Tahoe, CA 96150 ("Palmira Property") in March of 2006. (Pl.'s Compl. ¶ 19.) The purchase price was $650,000. Id. On March 23, 2006, Plaintiffs obtained a loan from Defendant Central Pacific Mortgage Company, Inc. ("Central Pacific Mortgage") in the amount of $487,500 to finance the purchase of the home. Id.; (Def.'s RJN Ex. E.) The loan was secured with a Deed of Trust on the Palmira Property. (Def.'s RJN Ex. E.) BofA became the successor in interest to Central Pacific Mortgage on the loan. (Pl.'s Compl. ¶ 7.)

Plaintiffs initiated this action in May of 2010, alleging that Defendant Travis Chatman ("Chatman") or Defendant Tisha Taylor ("Taylor") falsified information on Plaintiffs' loan application. Id. ¶¶ 24-25. Plaintiffs also allege that Chatman, Taylor, and Defendant TM Realty, Inc. ("TM Realty") misinformed Plaintiffs about the terms and conditions of the loan. Id. ¶ 26.

On October 27, 2010, Defendants Central Pacific Mortgage, Chatman, and Taylor were dismissed from this action without prejudice under Rule 4(m), because of Plaintiffs' failure to respond to an Order to Show Cause ("OSC') issued under this rule on September 13, 2010. The OSC required Plaintiffs to either provide proof that these Defendants were served with process or show good cause for failing to serve these defendants. (Order 2:11-17, Sept. 13, 2010.)

1    Plaintiffs allege that the basis for jurisdiction in this
2    action is federal question and diversity. The basis for federal question
3    jurisdiction is Plaintiffs' damages and rescission claims under the
4    Truth in Lending Act, 15 U.S.C. § 601 et seq. ("TILA"). Supplemental
5    jurisdiction exists over Plaintiffs' several state claims. However,
6    Plaintiffs' factual allegations do not support Plaintiffs' conclusion
7    that the court has diversity jurisdiction over this action.
8    Specifically, Plaintiffs allege in their Complaint that diversity
9    jurisdiction exists under 28 U.S.C. § 1332 because "Plaintiff [sic] and
10   at least one defendant reside in different states . . . ." (Pl.'s Compl.
11   ¶ 2.) However, diversity jurisdiction under 28 U.S.C. § 1332 requires
12   that "each defendant must be a citizen of a different state from each
13   plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234
14   (9th Cir. 2008). Since Plaintiffs' Complaint alleges Plaintiffs and some
15   of the Defendants reside in the same state (Pl.'s Compl. ¶¶ 4-5, 8-9.),
16   there is no diversity jurisdiction over any of Plaintiffs' claims.

17                          **III. Discussion**

18   **A. TILA Claims**

19        **1. Damages**

20        BofA argues Plaintiffs' damages claim under TILA should be
21   dismissed without leave to amend because the claim is barred by the
22   applicable one-year statute of limitations. An action under TILA for
23   actual or statutory damages must be brought "within one year from the
24   date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a
25   general rule the limitations period starts [to run] at the consummation
26   of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir.
27   1986). "Consummation" is defined as "the time that a consumer becomes
28   contractually obligated on a credit transaction." Grimes v. New Century

1  Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. §
2  226.2(a)(13)).

3         Here, consummation of the loan occurred on March 23, 2006.
4  (Def.'s RJN Ex. E.) Therefore, March 23, 2007 was the latest date
5  Plaintiffs could bring a damages claim under TILA. This action was not
6  commenced until May of 2010, over three years after the statute of
7  limitations expired.

8         Plaintiffs indicate in their Complaint that the statute of
9  limitations is tolled by alleging: "Any and all statute of limitations
10 relating to disclosures and notices . . . were tolled due to the hidden
11 nature of this violation, which did not reveal itself until within the
12 past year." (Pl.'s Compl. ¶ 48.)[1] However, this conclusory allegation
13 fails "to allege any facts demonstrating that the TILA violations
14 alleged could not have been discovered [in the exercise of] due
15 diligence during the one-year statutory period . . . ." Lingad v.
16 Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (citing
17 Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). By
18 not filing an opposition, Plaintiffs have not demonstrated that
19 additional facts can be alleged to toll the statute of limitations.
20 Under the circumstances, Plaintiffs are deemed to have taken the
21 position that their TILA damages claim is sufficiently plead and they
22 have no additional facts to plead. Accordingly, "it [is] determine[d]
23 that the pleading could not possibly be cured by the allegation of other
24 facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe
25 v. United States, 58 F.3d 484, 497 (9th Cir. 1995)). Therefore, in light
26 of BofA's request for dismissal with prejudice, and Plaintiffs' failure

27 _____

28     [1]   Paragraph "48" is between paragraphs 27 and 28 of the
   Complaint. (See Pl.'s Compl. 7:7-26.)

1  to show that the evident defects can be cured with amendment,

2  Plaintiffs' claim for damages under TILA is dismissed with prejudice.

3      **2. Rescission**

4          BofA also argues that Plaintiffs' TILA rescission claim should

5  be dismissed without leave to amend because the loan at issue is a

6  "residential mortgage transaction." Residential mortgage transactions

7  are "transaction[s] in which a mortgage . . . is created or retained

8  against the consumer's dwelling to finance the acquisition or initial

9  construction of the dwelling," and are exempt from the right to

10  rescission under TILA. 15 U.S.C. §§ 1635(e)(1), 1602(w). Here, the loan

11  at issue was a residential mortgage transaction because it was created

12  to finance the acquisition of the Palmira Property and was retained

13  against the Palmira Property. (See Pl.'s Compl. ¶ 19; Def.'s RJN Ex. E.)

14  Therefore, Plaintiffs do not have a right of rescission under TILA, and

15  their TILA claim for rescission is dismissed with prejudice.

16  **B. Dismissal of TM Realty**

17          Since Plaintiffs' TILA claims are inadequate for the stated

18  reasons, the Court sua sponte will dismiss the same claims alleged

19  against TM Realty. "A trial court may dismiss a claim sua sponte under

20  Fed. R. Civ. P. 12(b)(6) . . . without notice where the claimant cannot

21  possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991

22  (9th Cir. 1987). Sua sponte dismissals are also appropriate "if the

23  losing party has reasonable notice that the sufficiency of his or her

24  claim will be in issue." United States v. 14.02 Acres of Land, 547 F.3d

25  at 955 (quotations and citations omitted). Plaintiffs' TILA claims

26  against TM Realty fail for the identical reasons they fail against BofA;

27  the damages claim is time-barred, and the rescission claim is not

28  actionable because the loan at issue is a residential mortgage

transaction. Since Plaintiffs have failed to show that they can allege facts sufficient to toll the statute of limitations applicable to their TILA damages claim, and their TILA recission claim is not actionable, Plaintiffs' TILA claims against TM Realty are dismissed with prejudice.

**C. State Law Claims**

Since the TILA claims have been dismissed, the Court considers whether it should continue exercising supplemental jurisdiction over Plaintiffs' remaining state claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) is informed by the values of economy, convenience, fairness, and comity as delineated by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Three of the four factors do not weigh in favor of continuing the exercise of supplemental jurisdiction over Plaintiffs' state claims. The judicial economy factor does not weigh in favor of continuing to exercise supplemental jurisdiction over the remaining state claims since time has not been invested analyzing those claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (internal citation omitted). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of

applicable law." Gibbs, 383 U.S. at 726. Therefore, Plaintiffs' state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the stated reasons, Plaintiffs' TILA claims against BofA and TM Realty are dismissed with prejudice, and judgment shall be entered in favor of BofA and TM Realty on these claims. Plaintiffs' remaining state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3). This action shall be closed.

Dated:  November 19, 2010

GARLAND E. BURRELL, JR.
United States District Judge